# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

No. 10-50380
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN MEDINA-ESQUEDA, also known as Oscar De La Cruz-Esqueda,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1243-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Medina-Esqueda appeals his within-Guidelines sentence of 60-months' imprisonment, following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Medina contends his sentence: should *not* be accorded the presumption of reasonableness applied to a within-Guidelines sentence given that it was enhanced by a Guideline lacking empirical support; and is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50380

Medina urges not applying the presumption of reasonableness on the claim that Guideline § 2L1.2, upon which his 16-level enhancement was based, lacks empirical support. He concedes this assertion is foreclosed by our precedent, but raises it to preserve it for possible further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Regarding his substantive-unreasonableness claim, Medina contends his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because Guideline § 2L1.2, unsupported by empirical data, double-counts his prior conviction by allowing its use both to increase his offense level and calculate his criminal-history score. He further maintains the Guidelines range:  overstated the seriousness of his offense because his conduct was not violent; and did not properly account for his personal history and characteristics, including his motive for reentry.

Medina's substantive-unreasonableness claim is reviewed for abuse of discretion. *Mondragon-Santiago*, 564 F.3d at 360. Although post-*Booker*, the advisory sentencing Guidelines are advisory only, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). When, as here, the district court imposes a sentence within a properly-calculated Guidelines range, we accord great deference to the sentence and apply a rebuttable presumption of reasonableness. *Gall*, 552 U.S. at 51-52; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Although he made related objections in district court, Medina did not object to the reasonableness of his sentence; therefore, that claim would likely be reviewed only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-

92 (5th Cir. 2007).  Deciding whether to apply plain-error review is unnecessary, however, because Medina has failed to rebut the presumption of reasonableness under the more lenient abuse-of-discretion standard.

Contrary to Medina's assertion, the court adequately weighed the § 3553 sentencing factors.  *See, e.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  It considered Medina's criminal history category of IV, and noted that six of his prior convictions were not considered in that category. Although Medina contends the court erred in using his 15-year old burglary-of-a-dwelling conviction in its sentence enhancement, Guideline § 2L1.2 does not place age limitations on prior convictions. U.S.S.G. § 2L1.2(b)(1)(A).  The court also considered Medina's motive for reentry, and his not having understood the punishment for such offense, but determined that a 60-month sentence was appropriate.

Finally, Medina's contention that his criminal record is improperly double-counted under Guideline § 2L1.2, without any empirical basis, is also foreclosed by our precedent.  *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009) (recognizing discretion afforded district courts in applying Guidelines to particular facts); *see also Mondragon-Santiago*, 564 F.3d at 366-67.

AFFIRMED.